J-S02033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL SOLER | : | |
| | : | |
| Appellant | : | No. 1230 EDA 2024 |

Appeal from the PCRA Order Entered April 4, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009434-2012

BEFORE: LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 18, 2025**

Appellant, Daniel Soler, appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.§§ 9541-46, as meritless. He asserts that the PCRA court erred in denying him relief based on his claim of after-discovered exculpatory evidence of former Philadelphia Police Detective James Pitts' misconduct. After careful review, we affirm.

\* \* \*

We glean the relevant factual and procedural history from the PCRA court opinion and the certified record. Briefly, on April 1, 2012, Appellant shot Victim, then sought the help of his sister, Jaqueline Soler, and his cousin's girlfriend, Aura Bernard, to procure gasoline to burn Victim's body and car. Later that day, Detectives James Burns and John Harkins interviewed Ms. Soler, who stated that she knew who had killed Victim, but did not admit her

own role. Three days later, police arrested Appellant, who gave a statement to Detective Joseph Bamberski and then-Detective Ronald Dove admitting both that he shot Victim, and that he sought help obtaining gasoline to burn the body and car. Detective Pitts and Detective Hesser then interviewed Ms. Soler again, and she admitted to her own role in the crime.

The Commonwealth tried Appellant jointly with Ms. Soler. Relevantly, Detective Pitts testified to Ms. Soler's second statement, which had been redacted to remove any references to Appellant by name.[1] On cross-examination, Ms. Soler's counsel did not inquire as to the interview technique Detective Pitts employed before Ms. Soler admitted her involvement. The court instructed the jury to consider Ms. Soler's statement only as against her, not Appellant. N.T. Trial, 1/10/14, at 128-29.

In addition, several witnesses testified against Appellant as follows:

Detective [ ] Bamberski testified regarding [Appellant's] statement to police. In that statement, [Appellant] confessed to shooting [Victim] multiple times while she was in her car and that she was still breathing as he drove away. The medical examiner's testimony that [Victim] lived for a couple of minutes after being shot corroborated [Appellant's] statement. [Appellant] also admitted to using gasoline purchased by two other individuals to

_____

[1] The PCRA court explained that Ms. Soler's confession was redacted pursuant to **Bruton v. United States**, 391 U.S. 123 (1968), which requires that a co-defendant's confession that incriminates another defendant at a joint trial is inadmissible unless either the co-defendant who made the statement testifies and is subject to cross-examination, or if the confession is "redacted . . . to remove facially incriminating references to the other defendant and the jury is given an appropriate instruction to only consider the statement as evidence against the defendant who made it." PCRA Ct. Op. at 9 n.3, *citing* **Commonwealth v. Daniels**, 104 A.3d 267, 294 (Pa. 2014).

burn the car and [Victim's] body. Surveillance video. . .showed [Appellant] pouring gas on the car and [Victim's] body before igniting them.

Additionally, [Ms.] Bernard testified that, on the night of the murder, she was at home with her boyfriend. . . when his cousin, [Ms.] Soler, called.  [Ms.] Bernard stated that [Ms.] Soler was crying on the phone and asked [Ms.] Bernard if she was home. . . . minutes later, [Ms.] Soler came to [Ms.] Bernard's house.  A few moments later, [Appellant] arrived.  [Ms.] Bernard testified that [Appellant] stated he . . . . had just killed a man, and that the man's body was in a car parked several blocks away.  [Ms.] Bernard stated that [Appellant] asked her for gas to burn the car to destroy any evidence.  [Ms.] Bernard testified that she and Ms. Soler bought gas from a 7-Eleven store and gave it to [Appellant who] told her that he was going to burn the car with it.

Furthermore, [Victim's] sister, Tamika McDuffie, testified that, on the date of the murder, [Victim] texted her and stated she was meeting [Appellant] later that night on 52nd Street because he owed her money. . . .[Ms.] McDuffie testified that [Victim] called her later that night.  [Victim] told [Ms.] McDuffie that she was at 52nd Street and stated, "here come[s] Danny." The phone call remained connected, and [Ms.] McDuffie was able to hear [Victim] state, in a scared tone of voice, "[w]here are we going" and "never mind, I don't want the money, just give me my keys so I can go home."  The call was then disconnected and [her] calls to [Victim] went unanswered.

PCRA Ct. Op., 7/1/24 at 9-10 (citations omitted).

On January 14, 2014, a jury convicted Appellant of one count each of Third-Degree Murder, Arson, and Conspiracy to Commit Arson, as well as firearms offenses.  On March 14, 2014, the court sentenced Appellant to an aggregate term of 45 to 90 years of incarceration.  On December 2, 2015, this Court affirmed Appellant's judgment of sentence, and on April 4, 2016, our Supreme Court denied his petition for allowance of appeal.  ***Commonwealth v. Soler***, 2015 WL 7758639 (Pa. Super. 2015) (non-precedential decision),

*appeal denied*, 136 A.3d 981 (Pa. 2016).  His judgment of sentence became final 90 days later, on July 5, 2016.

On January 18, 2017, Appellant filed his first *pro se* PCRA petition.  His court-appointed counsel then filed a **Turner**/**Finley**[2] no-merit letter, and, following a response from Appellant, the court ultimately dismissed the petition and permitted counsel to withdraw.  We affirmed the dismissal on July 25, 2019, and our Supreme Court denied Appellant's Petition for Allowance of Appeal on February 10, 2020.  **Commonwealth v. Soler**, 2019 WL 3383910 (Pa. Super. 2019) (non-precedential decision), *appeal denied,* 224 A.3d 1093 (Pa. 2020).

On August 11, 2022, Appellant filed the instant *pro se* PCRA petition, his second.  Appellant's privately-retained counsel, Jason Javie, Esq., filed an Amended Petition on September 5, 2023.  Appellant asserted that his petition was timely due to the PCRA's newly-discovered fact exception, and he was eligible for PCRA relief based on after-discovered evidence.  Both his timeliness argument and his substantive claim were based on a Philadelphia Inquirer article published on March 4, 2022, reporting Detective Pitts' pattern of coercing witnesses into signing false statements during interrogations.  PCRA Petition, 8/11/22, at 5; **see generally** Amended Petition, 9/5/23 (unpaginated).

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On February 15, 2024, following responses from the Commonwealth and Appellant, the court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's petition without a hearing. Appellant filed a *pro se* response on February 26, 2024. On April 4, 2024, the court dismissed Appellant's PCRA petition and granted Attorney Javie's motion to withdraw.[3]

* * *

Appellant filed a timely *pro se* notice of appeal. Both he and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Did the PCRA court err when it failed to consider, without a hearing, Appellant's newly discovered evidence on an unconstitutional interrogation pattern and practices within the Homicide Division that was used in the instant case which was not disclosed by the Commonwealth [*sic*] the history of misconduct by Detective James Pitts and other Detectives involved in the case, was not disclosed by the Commonwealth due to governmental interference?

2. Did the PCRA court err by committing a clear abuse of discretion by not allowing the Appellant's newly discovered evidence of Detective James Pitts['] history of coercing witnesses and tampering with evidence?

3. Did the PCRA court err in ruling evidence of Detective Pitts'[] history of coercing witnesses and tampering with evidence inadmissible and irrelevant in violation of due process of law?

Appellant's Br. at 4 (some capitalization omitted).

* * *

_____

[3] The record does not indicate when Attorney Javie filed the motion to withdraw.

Before we review the issues raised on appeal, we must determine whether Appellant's petition satisfies our courts' jurisdictional requirements. It is well-established that if a PCRA petition is untimely, courts lack jurisdiction over the claims and cannot address substantive claims. ***Commonwealth v. Wharton***, 886 A.2d 1120, 1124 (Pa. 2005). To be timely, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date that a petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of [the] time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Here, Appellant's petition, filed 6 years after his judgment of sentence became final, is facially untimely. Pennsylvania courts may consider an untimely petition if the petitioner pleads and proves one of the exceptions to the time bar set forth in Section 9545(b)(1), including the newly-discovered fact exception—that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S § 9545(b)(1)(ii). Any petition invoking a timeliness exception must be "filed within one year of the date the claim could have been presented." ***Id.*** at (b)(2).

The court determined that Appellant's petition met the newly-discovered fact exception because he filed it less than one year after learning of Detective

Pitts' misconduct. PCRA Ct. Op. at 7. We agree, and thus, we will address his claims.[4]

* * *

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's determination and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Smith**, 167 A.3d 782, 787 (Pa. Super. 2017). "We give no such deference, however, to the court's legal conclusions." **Id.**

To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These include "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi).

In order to successfully prove an after-discovered evidence claim under Section 9543(a)(2)(vi), the petitioner must show that "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it

_____

[4] In its brief, the Commonwealth did not challenge the PCRA court's finding that Appellant met the newly-discovered fact exception to the time bar.

- 7 -

is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." ***Commonwealth v. Cox***, 146 A.3d 221, 228 (Pa. 2016) (citation omitted).[5]

\* \* \*

All of Appellant's claims concern Detective Pitts' reported misconduct and thus, we will address them together.[6] Appellant argues that Ms. Soler's statement to Detective Pitts, which concerned "Appellant's personality[,]" was the result of "psychological coercion and fabrication[.]" Appellant's Br. at 11. He maintains that he would not use this evidence to impeach Detective Pitts' credibility, but to "affirmatively prove" that Detective Pitts committed misconduct during Ms. Soler's interrogation. ***Id.*** at 16. Appellant argues that this evidence would have changed the outcome of his trial because Ms. Soler's

_____

[5] ***See also***, ***Commonwealth v. Castro***, 93 A.3d 818, 819, 825 (Pa. 2014): (Holding that allegations of police misconduct in a newspaper article did not constitute admissible, producible evidence to support a motion for a new trial based on after-discovered evidence pursuant to Pa.R.Crim.P. 720).

[6] In his brief, Appellant also raises claims about Detective Dove's misconduct during his own interrogation, including that Detective Dove interrogated him while Appellant was intoxicated, and that evidence of Detective Pitts' misconduct, such as his Internal Affairs ("IA") file, was subject to disclosure under ***Brady v. Maryland***, 373 U.S. 83 (1963). Appellant's Br. at 9, 17-18, 21-27. However, Appellant failed to raise the claim regarding Detective Dove before the PCRA court and thus, it is waived. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Additionally, Appellant has failed to raise a ***Brady*** claim in his Statement of Questions Involved, and thus, it is waived. ***See*** Pa.R.A.P. 2116 ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

statement to Detective Pitts differed from her earlier statement, and thus, it is "highly likely" that the jury would have "afforded importance to the evidence of Detective Pitts' routine habit or practice of coercing statements and confessions from witnesses." *Id.* at 17. Appellant also argues that had he known at trial, he might have made different strategic decisions, such as calling witnesses to testify to Detective Pitts' misconduct. *Id.* at 20-21.

The PCRA court concluded that Appellant's claim is meritless because "the evidence of former-detective Pitts' pattern and practice of misconduct would not likely compel a different verdict in this case." Trial Ct. Op. at 8, 10. Specifically, it noted that, while Detective Pitts testified at the joint trial, his testimony only concerned co-defendant Ms. Soler, and the court had instructed the jury to only consider Detective Pitts' testimony against her. *Id.* at 8-9. Furthermore, the court found that there was overwhelming evidence of Appellant's guilt, including his own confession, along with the testimony from Ms. Bernard, the medical examiner, and Victim's sister, and surveillance video. *Id.* at 9-10.

Upon review, we conclude that the record supports the trial court's finding that evidence of Detective Pitts' misconduct would not likely have compelled a different verdict at Appellant's trial. While the record shows that Ms. Soler, in her statement to Detective Pitts, changed her narrative of the events and admitted that she obtained gasoline at Appellant's request, Appellant provides no evidence that Detective Pitts coerced Ms. Soler to admit to obtaining the gasoline at Appellant's request.

Moreover, as noted above, the court instructed the jury to consider the statement only as it pertained to Ms. Soler's actions and not as evidence against Appellant, and we presume that juries follow the court's instructions. *Smith*, 167 A.3d at 790. Consequently, even if Detective Pitts coerced the admission from Ms. Soler, such evidence would not have changed the verdict. The statement only dealt with Ms. Soler's involvement and not Appellant's involvement.

Finally, the record supports the court's determination that the evidence of Appellant's guilt was overwhelming: Appellant **admitted** to shooting Victim and seeking help in acquiring gasoline to burn the body, and the surveillance video, other witnesses' testimony, and the condition of Victim's body corroborated his confession. Thus, even if Appellant could establish that Detective Pitts coerced the statement from Ms. Soler, the evidence overwhelmingly established that Appellant committed the crimes for which the jury convicted him. Appellant's claims, thus, merit no relief, and we affirm the dismissal of his PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/18/2025